**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| LANCE REBERGER, | ) | |
| Plaintiff, | ) | 3:12-cv-00284-LRH-WGC |
| vs. | ) | |
| | ) | **ORDER** |
| MICHAEL KOEHN, *et al.*, | ) | |
| Defendants. | ) | |

This is a *pro se* prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On May 29, 2012, the Court received an application to proceed *in forma pauperis* and an emergency motion for preliminary injunction (ECF No. 1). The emergency motion alleges that plaintiff, an inmate at Ely State Prison, is being denied proper timing in the dispensing of his two HIV medication. The motion alleges that it is the defendant's intent to deny plaintiff the proper medication in order to reduce its efficacy leading to an opportunity to stop the treatment, due to the high costs involved.

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by **affidavit or by the verified complaint** that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).

It has long been held that an injunction is "to be used sparingly, and only in a clear and plain case." *Irwin v. Dixion*, 9 How. 10, 33, 13 L.Ed. 25 (1850). When a plaintiff seeks to enjoin the

activity of a government agency his case must contend with " 'the well-established rule that the Government has traditionally been granted the widest latitude in the 'dispatch of its own internal affairs.' " *Rizzo v. Goode*, 423 U.S. 362, 379, 96 S.Ct. 598, 608 (1976) quoting *Cafeteria and Restaurant Workers Union Local 473 A.F.L.- C.I.O. v. McElroy*, 367 U.S. 886, 896, 81 S.Ct. 1743, 1749 (1961).

The Court has reviewed the motion and because the action suffers from a significant deficiency: there has been no initiating pleading - a verified complaint - filed, Fed. R. Civ. P. 3, and because the issue presented in the emergency motion does not give rise to an immediate threat to plaintiff's health or safety, the motion shall be deferred until a complaint is on file.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* shall be temporarily deferred.

**IT IS FURTHER ORDERED** that Clerk shall send to plaintiff a form and instructions for filing a section 1983 civil rights complaint. Plaintiff shall have thirty days to file the complaint, which shall be identified with the case number assigned to this action. Thereafter, the court will consider the complaint and emergency motion.

Dated this 5th day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE